THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YONG TANG and YAN LUO,<br>        Plaintiffs | )<br>)<br>) |
| V. | )   CIVIL ACTION NO.07-10231-NG<br>) |
| MICHAEL CHERTOFF, as Secretary<br>of the Department Homeland<br>Security; et al.<br>        Defendants | ) PLAINTIFFS' RESPONSE<br>) TO DEFENDANTS' MOTION<br>) TO DISMISS<br>) |

**Factual Statement**

Plaintiffs Tang and Luo have alleged the following[1]:

A.    Plaintiff Tang's employer, Millennium Pharmaceuticals, Inc. filed with the Defendants Chertoff, Gonzalez, and Novak an employment-based visa application for Plaintiff Tang on May 30, 2003.   Defendants approved the application on March 22, 2004.   ¶ 11, Complaint & Ex. B attached to the Complaint.

B.    Plaintiffs filed with Defendants Chertoff, Gonzalez, and Novak their  application to adjust their status as permanent resident aliens on June 23, 2003. ¶ 10 & 11, Complaint & Ex. A-1 & A-2 attached to the  Complaint.  Defendants Chertoff, Gonzalez and Novak responded to the filing with receipts stating:

---

[1]Plaintiff Tang made the allegations described below in his Complaint.  He identified his wife, Yan Loo, in the Complaint as a derivative beneficiary.  Later the Plaintiffs filed an Amended Complaint to add Yan Luo in the caption as a named Plaintiff. Thus, throughout this Memorandum, Plaintiffs treat the Complaint as asserting the allegations of each of them.

"The above application or petition has been received. It usually takes us 365 to 540 days from date of this receipt for us to process this type of case...You can also visit the INS on the internet at www.ins.gov.  On our web site you can get up-to-date case status information on your case and find valuable information about immigration services and benefits."  Ex. A-1 & A-2

C.   When more than 540 days elapsed, Plaintiffs made numerous inquiries of Defendants as to the status of their filings.  ¶12 & 15, Complaint.   Such inquiries occurred March 11, 2005, July 12, 2005, August 10, 2005, September 9, 2005, September 13, 2005, May 2, 2006, October 16, 2006 and January 30, 2007.  Ex. C-1 through C-7 and Ex. 4 attached to Plaintiffs' Complaint.

D.   Defendants Chertoff, Gonzalez and Novak response to Plaintiffs' inquiries has been that they have delayed processing on  Plaintiffs' cases while awaiting the results of required security checks.  ¶12, Complaint and Ex. C-1 through C-7 and Ex. 4 attached to Complaint.  In responding, Defendants Chertoff, Gonzalez and Novak have stated:

"We are currently awaiting the results of required security checks on this case.  These background checks are required of all who apply for the immigration

benefit you are seeking.  We will make every effort to make a decision on this case as soon as the security checks are complete.  If you do not receive a decision or other notice of action from us within 6 months of this letter, please contact us by calling our customer service number provided below."  Ex. C-6 dated October 20, 2005, Exhibit C-3 dated November 1, 2005, Ex. C-2 dated May 27, 2006.

E.   Plaintiffs asked the Federal Bureau in Investigation in May 2006 whether they were identified in the FBI indexes.  ¶14, Complaint.  The FBI responded on May 31, 2006 that it had no record for either of them.  ¶14, Complaint and Ex. E-1 and E-2 attached to the Complaint.

F.   Based on the foregoing, Plaintiffs allege:

"The Defendants have failed to properly adjudicate this petition." ¶16,Complaint. "The Plaintiff has done everything to get his case adjudicated but the Defendants have clearly not given the Plaintiff any form of relief."   ¶17, Complaint. "The defendants' delay in this case is, as a matter of law, arbitrary and not in accordance with the law.  Defendants willfully, and unreasonably, have inappropriately refused to adjudicate this petition, thereby depriving him of the rights to which the Plaintiff is entitled."

¶18, Complaint   "The Defendants, in violation of the Administrative Procedures Act, 5 USC § 701 et seq., are unlawfully withholding action on the Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case."   §20, Complaint

G.   Plaintiffs ask the Court to compel Defendants to adjudicate their Petitions forthwith.

## The Motion to Dismiss

The Defendants move to dismiss Plaintiffs' Complaint. Defendants claim that the Court lacks subject matter jurisdiction.  As an alternative, Defendants claim that Plaintiffs have failed to state a claim upon which relief can be granted.

Defendants note that adjustment of status is a discretionary act.  They then note that Congress in 2005 stripped federal courts of mandamus jurisdiction over "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security."  Defendants' Memorandum of Law, p, 7.

Defendants cite the holdings in Safadi v. Howard, 466 F. Supp. 696, 698 (E.D. Va. 2006) and Grinberg v. Swacina, 2007

U.S.Dist. LEXIS 19684 (S.D. Fla., 1007) that the term 'action' in the 2005 legislation encompasses the pace of the discretionary proceedings, as well as the discretionary decisions themselves, and accordingly the legislation deprives all courts of jurisdiction to compel adjudication of a discretionary application that seemingly has been delayed.

Defendants also assert that there are no judicially manageable standards as to when Defendants should exercise their discretion to decide Plaintiffs' applications for adjustment. Consequently, this Court cannot determine whether Defendants have 'unreasonably delayed' a decision on Plaintiffs' applications. Defendants' Memorandum of Law, p. 10-12  Moreover, issues of national security require even greater caution in establishing any type of temporal standard for adjudication of adjustment applications.  Defendants' Memorandum of Law, p. 11-12

Finally, Defendants claim that Plaintiffs have not asserted that Defendants have refused altogether to process their adjustment applications.  If Plaintiffs were to make such assertions, Defendants would respond with an evidentiary showing regarding the exact status of Plaintiffs' applications. Defendants' Memorandum of Law, p. 12.

### I. Jurisdiction

**A.   This Court has jurisdiction under 28 U.S.C. §1331 and 5 U.S.C. §701, et. seq. and also under 28 U.S.C. §1361.**

For purposes of motions to dismiss for lack of subject matter jurisdiction, all facts alleged in the complaint are taken as true.  Velez v. R.J. Reynolds Tobacco Co., 429 F. 3d 10, 13 (1st Cir. 2005)

In order to receive relief pursuant to 28 U.S.C. §1361, a plaintiff must demonstrate that 'he has exhausted all other avenues of relief and [that] the Defendants owe him a clear nondiscretionary duty.'  Heckler v. Ringer, 466 U.S. 602, 616 (1984).  Defendants have a nondiscretionary duty to investigate and process applications for adjustment of status.  See, for instance, Hu v. Reno, 2000 U.S. Dist. Lexis 5030, *9 (N. D. Tx., 2000) "Although the INS is vested with broad discretion in making the ultimate decision whether to grant an application for adjustment to permanent residence status, it has a non-discretionary duty to process the application."; Salehian v. Gonzales, 2006 U.S. Dist. Lexis 77028, *9 (N.D. Ct., 2006) "While it is true that the ultimate adjustment of status decision is 'entirely discretionary,' this Court has noted that 'the INS does not have discretion as to whether to adjudicate an adjustment of status application.' Bartolini, 226 F. Supp. 2d at 353 n.3.  As other courts in this circuit have observed, "the [Government] simply does not possess unfettered discretion to relegate aliens to a state of 'limbo,' leaving them to languish there indefinitely."  See also Singh v. Still, 470 F. Supp. 2d 1064,

6

1066 (N.D.Ca., 2007); Aboushaban v. Mueller, 2006 U.S. Dist.

LEXIS 81076, *4 (N.D. Ca., 2006); Haidari v. Frazier, 2006 U.S.

Dist. LEXIS 89177, *10 (D. Minn., 2006).

Defendants are obligated to act on Plaintiffs' applications

within a reasonable time.

> "With due regard for the convenience and necessity of the
>
> parties or their representatives and with a reasonable time,
>
> each agency shall proceed to conclude a matter presented to
>
> it."  5 U.S.C. 555(b)

Thus, Defendants have a nondiscretionary duty to investigate and

process applications for adjustment of status and to adjudicate

the same within a reasonable time.  Jurisdiction lies when the

Government fails to satisfy this nondiscretionary duty. It

obtains pursuant to the mandamus jurisdiction of 28 U.S.C. §1361

and through the federal question jurisdiction of 28 U.S.C. §1331

in combination with the requirement of the Administrative

Procedures Act for an adjudication within a reasonable time.  See

cases cited above and, in addition, Kim v. Ashcroft, 340 F. Supp.

2d 384, 389 (S.D. N.Y. 2004), Saleh v. Ridge, 367 F. Supp. 2d

508, 512 (S.D.N.Y., 2005), Elmalky v. Upchurch, 2007 U.S. Dist.

LEXIS 22353, *6-7 (N.D. Tx., 2007), Duan v. Zamberry, 2007 U.S.

Dist. LEXIS 12697, *11-12 (W. D. Pa., 2007).

   **B.    Defendants have not acted on Plaintiffs' application**

**for adjustment within a reasonable period of time.**

Defendants claim there exist no meaningful standards in the adjudication of adjustment applications for determining whether adjudication has been unreasonably delayed.  Defendants' Memorandum of Law, p. 10-11  Contrary to this assertion, there are numerous benchmarks in this case for determining when adjudication is unreasonably delayed.

When Plaintiffs filed their applications on June 23, 2003 they received receipts which stated that it usually takes Defendants 365 to 540 days to process their type of case.  Ex. A-1 & A-2 attached to Plaintiffs' Complaint.  1400 days have now elapsed since the filings.  By Defendants own time lines, the delay is unreasonable.

When more than 540 days elapsed and Plaintiffs heard nothing on their applications, they inquired of Defendants.  On October 20, 2005, Defendants wrote, "If you do not receive a decision or other notice of action from us within 6 months of this letter, please contact us by calling our customer service number provided below."  Ex. C-6 attached to Plaintiffs' Complaint.  Plaintiffs could reasonably assume from this letter that Defendants expected to arrive at a decision within 6 months of their letter.  When that expectation was dashed, Plaintiffs again inquired.  On May 27, 2006,  Defendants begged off for another 6 months.  Ex. C-2 attached to Plaintiffs' Complaint.

Moreover, through the receipts they tender to Plaintiffs, Defendants have invited Plaintiffs to use their online services to check the status of their filings and also obtain valuable information about immigration benefits. Ex. A-1 and A-2 attached to Plaintiffs' Complaint.  Currently, Defendants are processing cases like those of the Plaintiffs that were filed April 30, 2006—some three years later than Plaintiffs' filings. https://egov.immigration.gov/cris/jsps/Processtimes.jsp?SeviceCenter=VSC, as of April 30, 2007.

Defendants informed the public in February of this year that the processing times for adjustment applications, as of September 30, 2006, was 7.07 months.  Defendants stated that they were operating under a processing time standard imposed by the President of six months and, with a fee increase, had a reasonable expectation of meeting the six month standard.  72 FR 4888, 4893 (February 1, 2007)

As can be seen, Plaintiffs' case does not want for standards in determining whether adjudication has been unreasonably delayed.

Defendants suggest that national security considerations justify delay in the adjudication process. Defendants' Memorandum of Law, p. 11.

Plaintiffs would be no more danger to the security of the United States after they have been granted adjustment of status

than they have been for the past 1400 days[2].  Yet during that period, Defendants have allowed them to live and work in the United States because of the filings. 8 C.F.R. 274a.12(c)(9)

If the Government does find something at a date subsequent to a favorable adjudication of the adjustment applications and concludes that its discovery would have provided a basis for denying the adjustment, it can always initiate removal proceedings against Plaintiffs or seek rescission of Plaintiffs' permanent residency on the grounds that they were inadmissable at the time of admission. See 8 U.S.C. §§ 1227 & 1256.  Defendants have five years to bring a rescission proceeding. 8 U.S.C. § 1256(a); Matter of Pereira, 19 I&N Dec. 169 (BIA 1984) There is no time limit for initiating a removal proceeding.

Numerous courts have found allegations of delays in adjustment adjudications to make out appropriate claims for relief and for mandamus jurisdiction:

Two year delay in determining visa and adjustment application was unreasonable and supported grant of summary

---

[2]Plaintiffs' Complaint does not allege the total period of time that Plaintiffs have resided and worked in the United States.  It is safe to assume, however, that Plaintiffs have been living in the United States for some period prior to their filing of the adjustment applications as the necessary predicate to the filings is their entry into the United States in an authorized status at some point prior to the filings. 8 U.S.C. 1255(a) Thus, if Plaintiffs or either of them pose risks to the national security, they have been doing so for a period even greater than the 1400 days that have elapsed since they filed their applications for adjustment.

judgment—-Paunescu v. INS, 76 F. Supp. 2d 896, 902 (N.D. Ill.
1999; Plaintiff made out prima facie case that two and a half
year delay in adjudicating adjustment was unreasonable-Yu v.
Brown, 36 F. Supp. 922, 935 (D.N.Mex. 1999); Because 20 month
delay in adjudicating adjustment application could be found
unreasonable, 12(b)(6) motion was denied-Agbemaple v INS, 1998
U.S. Dist. LEXIS 7953 *7 (E.D. Ill., 1998); Whether two and a
half year delay in adjudicating an adjustment application is
unreasonable is an issue of fact and not amenable to decision on
summary judgment-Hu v. Reno, supra, at * 12-13 (N.D.Tex., 2000);
Cause of action stated by allegation that two year delay in
adjudication of adjustment was not reasonable-Salehian v. Novak
supra, at *12-13 (D.Conn. 2000; Four year delay in adjudicating a
marriage based adjustment is unreasonable-Singh v. Still, 470 F.
Supp. 2d 1064, 1071 (N.D.Ca., 2007), see also Haidari v. Frazier,
supra, at * 16 (D. Minn. 2006); Plaintiff states cause of action
for mandamus that one and a half year delay in adjudicating a
marriage based adjustment is unreasonable-Duan v. Zamberry 2007
supra, at *14 (W.D. Pa., 2007); Prima facie case of
unreasonableness established by three year delay in adjudicating
adjustment application-Elmalky v. Upchurch, supra, at * 20 (N.D.
Tex. 2007)

Defendants' assertion that the jurisdiction stripping
amendment of 2005 precludes review of the pace of discretionary

decision making reflects a minority view, as demonstrated by the

five cases listed above that post-date the 2005 provision.

About the minority position, one court reasoned as follows:

"[A] Virginia court has held that § 1252(a)(2)(B)(ii) works

to preclude judicial review of the pace at which the USCIS

exercises its discretionary authority to adjust an

applicant's status under § 1255(a).  See Safadi v. Howard,

466 F. Supp. 2d 696, 698-700 (E.D. Va. Dec. 20, 2006)).  The

Court is not persuaded by Safadi. Defendants would read §

1252(a)(2)(B)(ii) as depriving courts of jurisdiction to

review 'any...ongoing process of the Attorney General...the

authority for which is specified under this subchapter to be

in the discretion of the Attorney General[.]'  Even if the

Court accepts this reading it would avail Defendants nothing

because § 1255(a) does not specifically commit the 'process'

of adjusting an applicant's status to the Attorney General;

it simply says that the Attorney General may make an

adjustment in his discretion.  Moreover, the title of §

1252(a)(2)(B)-'Denials of discretionary relief'-suggests

that the section's primary purpose is to preclude courts

from entertaining appeals from disappointed aliens who have

had their applications denied.  Here Elmakly is not

complaining that his application was denied but rather that

it was not promptly acted upon.  See Paunescu v. I.N.S., 76

12

F. Supp. 2d 896, 900 (N.D. Ill. 1999).  The Court has already found that, notwithstanding § 1255(a), the USCIS has a nondiscretionary duty to issue some decision on an application within a reasonable time.  Because § 1252(a)(2)(B)(ii) does not proscribe judicial review over nondiscretionary actions, it does not strip this Court of jurisdiction over Elmakly's complaint."  <u>Elmalky v. Upchurch</u>, supra, at *15-16 (N.D. Tex. 2007)

**C.    Defendants' delay is so unreasonable as to be tantamount to a refusal to process Plaintiffs' applications.**

Plaintiffs assert in the Complaint that "Defendants willfully, and unreasonably, have inappropriately refused to adjudicate this petition, thereby depriving him of the rights to which the Plaintiff is entitled" and that "The Defendants, in violation of the Administrative Procedures Act, 5 USC § 701 et seq., are unlawfully withholding action on the Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case."  §§ 18 & 20, Complaint

Plaintiffs allege an adjudication delay of 1400 days.  They also allege that, when they contacted the Federal Bureau of Investigation about their records, they were informed that the FBI did not identify them in the FBI indexes and that the FBI had no record on them.  § 14, Complaint.  The lack of an FBI record

raises serious questions as to whether Defendants have effected
the background checks to which they allude in their
correspondence.  Moreover, if Plaintiffs are not listed in the
FBI indexes, it would appear that Plaintiffs should receive
clearances quickly and easily from the FBI.  Thus, an
adjudication delay of 1400 days in conjunction with an empty FBI
file supports Plaintiffs' allegations that Defendants are
unlawfully withholding action on their applications.

     Even Safadi v. Howard, supra, the case that favors
Defendants' arguments on lack of subject matter jurisdiction,
suggests that jurisdiction lies "where USCIS refused altogether
to process an adjustment application or where the delay was so
unreasonable as to be tantamount to a refusal to process the
application."[3]  Safadi, supra, at 700

     Safadi determined that a four year delay in an adjustment
adjudication was not unreasonable, particularly since the
evidence indicated that USCIS was actively processing the
application. Safadi, supra, at 701  In Plaintiffs' case, however,
because the FBI has no information whatsoever about the
Plaintiffs, Plaintiffs cannot assume and certainly do not ask

_____

     [3] The Court in Duan v. Zamberry, supra, at*8-9 (W.D. Pa.,
2007)found Safadi's suggestion of jurisdiction under these
circumstances to undercut its basic reasoning. "This disclaimer,
however, raises the question of how an unreasonable delay might
not qualify as 'action' under the court's analysis, while a
reasonable delay unambiguously does constitute 'action'.

14

this Court to assume that USCIS is actively processing their applications. underway.

Plaintiffs effectively have alleged that the delay and inaction in their cases is tantamount to a refusal to process.

**II.  Plaintiffs Have Stated A Claim Upon Which Relief Can Be Granted.**

In the alternative, Defendants move this Court to dismiss this action for failing to state a claim upon which relief may be granted.  When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all well-pleaded factual assertions in the complaint and draw all reasonable inferences from those assertions in plaintiff's favor.  Kiely v. Raytheon Co., 105 F. 3d 734, 735 (1st Cir., 1997); Hogan v. Eastern Enterprise/Boston Gas, 165 F. Supp. 2d 55, 57 (D. Mass., 2001).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim that would entitle [it] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957)

In the instance case, the Plaintiffs' adjustment applications have been on file with the Defendants for nearly four years.  To date Defendants have neglected their duty to adjudicate the applications[4].  Plaintiffs seek the aid of this

---

[4] Adjudication of adjustment applications is a fee-for-service business. It is not supported out of taxes or general revenue. 72 FR 4888, 4890, 4895 (February 1, 2007).  Plaintiffs

Court to compel adjudication.  As noted at length above, many

courts have determined that similarly situated plaintiffs have

stated causes of action for mandamus when delays in the

adjudication of their applications have ranged from one and a

half years to four years.  See cases listed at pages 10 and 11

supra.

**Conclusion**

For the reasons set forth herein, Plaintiffs respectfully

ask the Court to overrule Defendants' Motion to Dismiss and to

direct Defendants to answer Plaintiffs' Complaint.

Dated this 30th day of April 2007.

Yong Tang and Yan Luo, Plaintiffs

/s/ Vard R. Johnson
By Vard R. Johnson, BBO # 660137
Suite 210, 18 Tremont Street
Boston, Massachusetts 02108
1-617-557-1711
1-617-557-4711 FAX
vardinboston@verizon.net

**Certificate of Service**

I, Vard R. Johnson, certify that I served the foregoing
Response to Defendants' Motion to Dismiss on Mr. Christopher R.
Donato, Assistant United State Attorney, John Joseph Moakley U.S.
Courthouse, 1 Courthouse Way, Suite 9200, Boston, Massachusetts
02210 by electronic filing, effected April 30, 2007.

/s/ Vard R. Johnson
Vard R. Johnson

---

have paid the Defendants in full for an adjudication.  A delay of
nearly four years for the service sounds in neglect.